## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:13-CV-513-MOC-DCK

| | |
|---|---|
| **CHARLOTTE PAINT COMPANY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **ADVANCED COATING SYSTEMS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss For Failure To State A Claim" (Document No. 2). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## BACKGROUND

Plaintiff Charlotte Paint Company, Inc. d/b/a Pro-Tec Finishes ("Plaintiff") initiated this action with the filing of its "Complaint" (Document No. 1-1) against Defendant Advanced Coating Systems, Inc. ("Defendant") in the Superior Court of Gaston County, North Carolina on or about August 9, 2013. Defendant filed its "Notice Of Removal" (Document No. 1) on September 13, 2013.

On September 20, 2013, Defendant filed its pending "Motion To Dismiss For Failure To State A Claim" (Document No. 2) pursuant to Fed.R.Civ.P. 12(b)6 and a "Brief In Support Of Defendant's Motion To Dismiss For Failure To State A Claim" (Document No. 3). To date,

Plaintiff has failed to file a response to the pending motion and the time do so has lapsed. See Local Rule 7.1 (E).

The undersigned further notes that Plaintiff has not sought a stay or an extension of time, or filed any document since the case was removed to this Court. Moreover, counsel for Plaintiff has indicated to the undersigned's staff that Plaintiff does not intend to file a response or request other relief.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## DISCUSSION

Based on Plaintiff's failure to respond, and Defendant's unrefuted arguments, the undersigned will recommend that this matter be dismissed. If the Court has somehow

misconstrued Plaintiff's position, or the status of this case, Plaintiff shall file an appropriate motion within fourteen (14) days.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss For Failure To State A Claim" (Document No. 2) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 17, 2013

David C. Keesler
United States Magistrate Judge